UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. __3:23CV-75-BJB__
*Electronically Filed*

**iKEYLESS, LLC, d/b/a**
**CAR KEYS EXPRESS**                                                                  **PLAINTIFF**

**v.**

**NATHAN PICKER**                                                                         **DEFENDANT**

## NOTICE OF REMOVAL

Defendant Nathan Picker, by and through counsel, and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes this action from the Jefferson Circuit Court, in Jefferson County, Kentucky, to the United States District Court for the Western District of Kentucky, Louisville Division. As grounds for this removal, Picker states as follows:

1. On February 23, 2022, Plaintiff iKeyless, LLC, d/b/a Car Keys Express ("iKeyless"), filed a lawsuit in the Jefferson Circuit Court, styled *iKeyless, LLC, d/b/a Car Keys Express v. Nathan Picker*, Case No. 22-CI-000889 ("the State Court Action"). iKeyless alleged that its former employee, Defendant Nathan Picker, breached non-competition, non-solicitation, and confidentiality covenants owed to iKeyless pursuant to an Employment, Confidentiality, Noncompetition and Nonsolicitation Agreement ("Agreement"). (*See* Complaint at ¶¶ 1-2, 12-13, 15, 17, 21 (**Ex. A**)) iKeyless also alleged that Picker breached his fiduciary duties to iKeyless. *Id.* at ¶¶ 29-34.

2. This Notice of Removal is timely filed under 28 U.S.C. §§ 1446(b)(3) and (c)(1), as Picker received a document produced by iKeyless on February 6, 2023, from which he ascertained that the case had become removable, and the State Court Action was commenced less than one year ago.

3. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## **Diversity**

4. There is complete diversity between the parties to this lawsuit. "In order for a defendant to remove a case to federal court based upon diversity jurisdiction, there must be complete diversity of citizenship both at the time that the case is commenced and at the time that the notice of removal is filed." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999).

5. Picker is, and at all times relevant to this action was, a citizen and resident of the State of Ohio with the intent to remain there indefinitely. Picker is not, and at the time of commencement of this action was not, a citizen or resident of the Commonwealth of Kentucky.

6. iKeyless is a limited liability company organized and existing under the laws of the Commonwealth of Kentucky and maintains its principal place of business in the Commonwealth of Kentucky. (*See* Complaint at ¶ 4) A limited liability company has the citizenship of each of its partners or members. *Delay v. Rosenthal Collins Group, Inc.*, 585 F.3d 1003, 1005 (6th Cir. 2009). Upon information and belief, iKeyless's sole member is Mark Lanwehr, who is, and at all times relevant to this action was, a citizen and resident of the Commonwealth of Kentucky.

## Amount in Controversy

7.     The amount in controversy, exclusive of costs and interest, exceeds $75,000.00 as required by 28 U.S.C. § 1332(a). iKeyless seeks the following damages from Picker:

    a.     compensatory damages, including, but not limited to, "the profits that [Picker] wrongly obtained as a result of his breach of his covenants[,]" *see* Complaint at Prayer for Relief, ¶ 3; *see also* iKeyless Answers to Picker's First Interrogatories and Requests for Production of Documents at Interrogatory No. 13;

    b.     injunctive relief, *see* Complaint at Prayer for Relief, ¶ 1; and

    c.     attorneys' fees, costs, and expenses, *see id.* at ¶ 4.

8.     In determining whether the amount in controversy is satisfied, the court need only be convinced that it is more likely than not that the amount at issue exceeds $75,000. *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (stating that a removing defendant must only show "by a preponderance of the evidence that the amount in controversy requirement has been met."). "This standard does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount in controversy requirement. Such a burden might well require the defendant to research, state and prove the plaintiff's claim for damages." *Id.* (quoting *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993) (abrogated on other grounds)). Additionally, the plaintiff's claims can be aggregated in order to satisfy the jurisdictional amount requirement in 28 U.S.C. § 1332(a). *Lemmon v. Cedar Point, Inc.*, 406 F.2d 94, 96 (6th Cir. 1969) (internal citations omitted).

9. In its Complaint, and in accordance with the rules of pleading in Kentucky state courts, iKeyless did not state the amount of damages it was seeking from Picker in this action. This action, therefore, was not removable on the basis of jurisdictional facts apparent from the face of the Complaint.

10. To determine the amount in controversy, Picker propounded written discovery requests to iKeyless, requesting that it identify "each and every client or customer that [iKeyless] . . . lost as a result of Picker's alleged conduct." (*See* Picker's First Interrogatories and Requests for Production of Documents at Interrogatory No. 14 (**Ex. B**)) And, with respect to each identified client or customer, Picker requested that iKeyless identify, among other things, "(b) the gross revenue you received through business for that client or customer in each fiscal year from 2015 to the present; and (c) the profit margin on the gross revenue that you received through business for that client or customer in each fiscal year from 2015 to the present." *Id*.

11. In its responses to Picker's discovery requests, dated February 1, 2023, iKeyless did not produce documentation in line with Picker's requests. However, on February 6, 2023, iKeyless produced a confidential document claiming that, for one client it alleges to have lost due to Picker's actions, it lost $812,988.60 in total sales.

12. In addition, Picker requested that iKeyless identify each category of damages it was seeking, the total amount it was seeking, and the calculation for how it arrived at its claimed damages. (*See id*. at Interrogatory No. 13) iKeyless refused to produce any information, instead claiming that it still didn't know this information after more than 11 months since filing its Complaint. *Id*.

13. When a party seeks injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." *Cleveland Hous. Renewal Project v. Deutsch Bank Trust Co.*, 621 F.3d 554, 560 (6th Cir. 2010). This amount is determined "from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect." *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007) (quoting *Woodmen of the World/Omaha Woodmen Life Ins. Soc'y v. Scarbro*, 129 Fed. Appx. 194, 195-196 (6th Cir. 2005)). *See also Aus-Tex Expl., Inc. v. Res. Energy Techs., LLC*, 646 F.Supp.2d 874, 880 (W.D. Ky. 2009) (stating that amount in controversy, with respect to injunctive relief, should be determined from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect).

14. Here, iKeyless seeks to prevent Picker from conducting any business that is competitive with iKeyless, including "[w]orking in the key replacement industry or providing any type of service for anyone regarding the sale, installation and service of keyless entry remotes and keys[.]" (*See* Complaint at Prayer for Relief, ¶ 1(a), (c)) In short, iKeyless wants to shut down Picker's business, Ohio KeyGuy, LLC, for a two-year period. *Id*. at ¶ 12 and Prayer for Relief, ¶ 1(d).

15. To date, despite Picker's attempts to determine the amount of damages that iKeyless is seeking in this action, iKeyless has refused to provide any calculation of the potential monetary value of this claim.

16. Finally, reasonable attorneys' fees may be included in determining the jurisdictional amount in controversy if fees are permitted to be recovered under either statute or contractual provision. *Heyman v. Lincoln Life Ins. Co.*, 781 Fed. Appx. 463, 473 (6th Cir. 2019) (quoting *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369 (6th Cir. 2007)).

17. Here, the Agreement executed by iKeyless and Picker contained a fee-shifting provision: "Further, if either party files an action to enforce any provision of this Agreement, or any action arising out of or related to this Agreement, the breaching party will be obligated to pay all of the non-breaching party's attorney fees, court costs, litigation expenses and any other cost or expense associated with the breach of the action." (*See* Agreement, attached as Exhibit A to the Complaint (**Ex. A**))

18. Based on the foregoing—a reasonable and fair reading of the Complaint, iKeyless's written discovery responses and related document production showing potential lost sales in an amount exceeding $812,000.00, the monetary value of its request for injunctive relief that would shut down Picker's new business, and its potential recovery of attorneys' fees—the damages at issue, when considered in the aggregate, more likely than not exceed $75,000.00.

19. Given the facts and circumstances set forth above, this constitutes an action which originally could have been brought before this Court pursuant to 28 U.S.C. § 1332 and which may be removed by Picker pursuant to 28 U.S.C. §§ 1441 and 1446.

20. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place—Jefferson County—where the State Court Action is pending.

21. Pursuant to 289 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Picker in this action as of the date of filing of this Notice of Removal is attached as Exhibit A.

22. This Notice of Removal will be served on all adverse parties in accordance with 28 U.S.C. § 1446.

23. A true and correct copy of this Notice of Removal will be filed with the clerk of the Jefferson Circuit Court in accordance with 28 U.S.C. § 1446.

**WHEREFORE**, for the reasons set forth above, Defendant Nathan Picker respectfully requests that this Court assume full jurisdiction over this action as provided by law.

Respectfully submitted,

**/s/ Matthew T. Lockaby**
Matthew T. Lockaby
Amanda M. Lockaby
Miles S. Meehan
Lockaby PLLC
476 East High Street, Suite 200
Lexington, Kentucky 40507
Tele:  859.263.7884
Fax:   859.406.3333

*Counsel for Defendant, Nathan Picker*

## CERTIFICATE OF SERVICE

This is to certify that, on February 15, 2023, I electronically filed the foregoing Notice of Removal with the Clerk of the Court by using the CM/ECF electronic filing system, which will send a notice of electronic filing to all counsel of record.

**/s/ Matthew T. Lockaby**
Counsel for Defendant